IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Troy S. Kane | Debtor | CHAPTER 13 |
| BANK OF AMERICA, N.A. vs. | Movant | NO. 16-12176 JKF |
| Troy S. Kane | Debtor | |
| William C. Miller | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,253.63**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | June 1, 2017 through July 1, 2017 at $1,183.43 per month |
| Suspense Balance: | $1,144.23 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,253.63** |

2. The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing contractual mortgage payments, in the following manner:

    a). Beginning August 1, 2017 and continuing through January 1, 2018, until the arrearage is cured, Debtor(s) shall pay the present regular monthly payment of **$1,183.43** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month), plus an installment payment of **$375.61** towards the arrearage on or before the last day of each month.

    b). Debtor shall maintain contractual monthly mortgage payments thereafter.

    c). Movant's current payment address is as follows:

    Nationstar Mortgage, LLC
    P.O. Box 619094
    Dallas, TX 75261-9741

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should

fail to cure the default within fifteen (15) days, Movant, or its successor or assignee, or the succeeding claim holder if the claim has been transferred, may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant or the aforesaid entity relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form of order filed with Movant's instant Motion that is being resolved by way of this stipulation, or in a form substantially similar thereto.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 10, 2017    By:    /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 08-07-17

Diana M. Dixon, Esquire
Attorney for Debtor

**NO OBJECTION**

Date: 8/14/17

William C. Miller
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. FitzSimon